**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**


**Jason Heavener,
Claimant Below, Petitioner**


**v.)**     **No. 24-210**  (JCN: 2023017785)
                    (ICA No. 23-ICA-317)


**J.F. Allen Company,
Employer Below, Respondent**


# MEMORANDUM DECISION


Petitioner Jason Heavener appeals the February 20, 2024, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Heavener v. J.F. Allen Co.*, No. 23-ICA-317, 2024 WL 693934 (W. Va. Ct. App. Feb. 20, 2024) (memorandum decision). Respondent J.F. Allen Company filed a response.[1] The issue on appeal is whether the ICA erred in affirming the June 21, 2023, decision of the West Virginia Workers' Compensation Board of Review, which affirmed the claim administrator's March 23, 2023, order denying the claim due to a lack of jurisdiction as the claimant was injured in Pennsylvania and was receiving benefits from the Pennsylvania workers' compensation system.

The claimant asserts that while Pennsylvania assumed jurisdiction over the claim and provided benefits, the claimant and the employer did not have an agreement that he would be covered by a State other than West Virginia and that such an extraterritorial agreement was required in his case where he met the work requirements to be eligible for workers' compensation coverage in both West Virginia and Pennsylvania. Therefore, in the absence of an extraterritorial agreement, the claimant argues that West Virginia has jurisdiction of this claim. The employer counters by arguing that the claimant worked exclusively in Pennsylvania from July 2022 through the date of injury, January 13, 2023. Thus, the employer argues that the ICA properly determined that the claimant's job assignment in Pennsylvania was neither temporary nor transitory under the West Virginia Workers' Compensation Act ("the Act"), West Virginia Code §§ 23-1-1 to 23-6-3. The employer asserts that the claimant's argument that an extraterritorial agreement was required for him to be covered by Pennsylvania instead of West Virginia is a red herring. While the Act permits extraterritorial agreements, it does not require them. Therefore, the employer argues that the Board of Review, as affirmed by the ICA, properly affirmed the claim administrator's order

---

[1] The claimant is represented by counsel Timothy C. Bailey and Robert F. Vaughan, and the employer is represented by counsel Maureen Kowalski.

denying the claim due to a lack of jurisdiction as the claimant was injured in Pennsylvania and was receiving benefits from the Pennsylvania workers' compensation system.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: February 11, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV